[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The instant matters arise out of an application filed to confirm an arbitration award; and a contrary application filed to vacate and modify an arbitration award.
In an agreement dated November 13, 1973, Raymond Bedard, William Zarillo and John Ancheff founded a business entity known as Brave Equipment company (Company). As far as the instant matters are concerned, the only interested parties are Raymond Bedard and John Ancheff.
Paragraph 7(b) of the agreement reads as follows:
 (b) In the event of a withdrawal by a party hereto without an offer of sale to a third party, then said withdrawing party's share shall be evaluated by the net worth of the corporations and properties exclusive of good will and his percentage interest shall be paid monthly together with interest at eight (8%) percent per annum commencing on the effective date of withdrawal over a period of five (5) years. Any obligation of a withdrawing party to the association shall be deducted from the withdrawing party's interest.
Paragraph 9 of the agreement reads as follows: "Any dispute arising under the terms of this agreement shall be resolved by arbitration under the rules of the American Arbitration Association. Each party shall choose an arbitrator."
Subsequently differences arose between the parties; and in February, 1988, John Ancheff filed a law suit seeking portion of real estate located at 31 Nutmeg Valley Road, Wolcott, Connecticut. Thereafter in April, 1989, the parties entered into an agreement to arbitrate their dispute over the real estate and the ownership of the company by submitting the matter to arbitration under the auspices of the American Arbitration Association (Association) as called for under the terms of the original agreement.
Thereafter, the arbitrators appointed by the association CT Page 1159 rendered a decision dated April 26, 1970. The decision required Raymond Bedard to pay John Ancheff the sum of Two Hundred-Ninety Thousand ($290,000.00) Dollars.
Subsequent thereto, John Ancheff filed an application to confirm the arbitration award; and Raymond Bedard filed an application to vacate or modify the arbitration award. Raymond Bedard claims that the arbitrators were incorrect in the following ways:
1. The value of the corporation as found by the arbitrators did not indicate that such value was exclusive of good will or failed to state that good will was excluded from said valuation.
2. The lump sum award exceeded the submission in that paragraph 7(b) of the agreement called for a periodic monthly payment with interest over a period of five years.
According to the parties agreement to arbitrate, the Commercial Arbitration Rules of the American Arbitration Association are applicable to their dispute. Paragraph 43 of those rules, Scope of Award, states: "[t]he Arbitrator may grant any remedy or relief which the Arbitrator deems just and equitable and within the scope of the agreement of the parties." (Emphasis added). Taking Raymond Bedard's second claim of error first, and assuming John Ancheff withdrew without an offer of sale to a third party as required by contract provision 7(b), the arbitrator's award of a lump sum in this matter exceeded the scope of the agreement of the parties to the submission to arbitration.
Concerning Raymond Bedard's first claim, the arbitration panel's determination of the value of Brave Equipment Company, Inc. in response to submission No. 2 is silent as to whether they excluded good will in their calculations as required by paragraph 7(b) of their underlying agreement.
Connecticut General Statutes Section 52-418 (a)(4) states: upon application of any party to an arbitration, the superior court shall make an order vacating the award if it finds that the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matters was not made.
The arbitrator's award is deficient in that it does not state that good will was excluded from the valuation or that the valuation was exclusive of good will. Further, the arbitrators exceeded the submission when they awarded a lump sum payment. Any award of the arbitrators should have been stated in terms of periodic monthly payments with interest for a period of five years as called for in paragraph 7(b) of the agreement. Further, the CT Page 1160 court concludes that the defects in the award were not matters of form; but that they were matters which affected the merits of the award.
Accordingly, the award is vacated and the matter is remanded to the arbitrators to compute and determine the question of good will; and also that the arbitrator states any award in terms of periodic monthly payments with interest for a period of five years as called for in paragraph 7(b) of the agreement.
BYRNE, J.